UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.                                              Criminal No. 2:10cr140

**TIMOTHY WAYNE GUESS,**

    Defendant.

## OPINION AND ORDER

Defendant Timothy Wayne Guess is 61 years old. He is currently serving a sentence of 460 months' imprisonment for committing several drug trafficking and firearm offenses, including two counts of violating 18 U.S.C. § 924(c). Guess's projected release date is in February of 2043. Seeking early release from his lengthy federal sentence, Guess recently filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 185. Guess's motion asserts that recent statutory changes to 18 U.S.C. § 924(c) present extraordinary and compelling reasons to justify a reduction of his sentence to a term of "time served." For the reasons stated below, Guess's compassionate release motion is **GRANTED IN PART**.

### I. BACKGROUND

On December 10, 2010, a jury found Guess guilty of several federal felony offenses, including six counts associated with drug trafficking, in violation of 21 U.S.C. §§ 841 and 846; and

two counts of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). ECF No. 64. At sentencing, Guess received a two-level enhancement in his Presentence Investigation Report ("PSR") for obstruction of justice because Guess, while incarcerated, solicited several inmates to kill the Government's informant in order to prevent the informant from testifying. ECF No. 89, at 11-12, 33 (citing U.S.S.G. § 3C1.1). Guess's PSR yielded an advisory Guideline range of 97 to 121 months of imprisonment on the non-§ 924(c) counts and 360 months consecutive on the § 924(c) counts. Id. at 41. On June 15, 2011, the Court sentenced Guess to 100 months of imprisonment on the non-§ 924(c) counts and 360 months on the § 924(c) counts—for a total of 460 months of imprisonment (38 years, 4 months). ECF No. 86.

The majority of Guess's sentence (78%) arose from his two § 924(c) convictions because § 924(c) imposes a consecutive five- to ten-year mandatory minimum (depending on the nature of the offense) for a defendant's first § 924(c) conviction, and a consecutive 25-year mandatory minimum for a second or subsequent § 924(c) conviction. See 18 U.S.C. § 924(c)(1)(A), (C). At the time of Guess's conviction, a first time § 924(c) offender could trigger the enhanced 25-year mandatory minimum even though his first § 924(c) conviction was in the same case. See Deal v. United States, 508 U.S. 129, 132 (1993). Thus, a first time

2

§ 924(c) offender convicted of two § 924(c) possession offenses in the same case, like Guess, would be subject to a 30-year mandatory minimum (5+25) rather than a 10-year mandatory minimum (5+5). This practice is known as sentence "stacking."

In December 2018, Congress passed the First Step Act, which modified § 924(c)(1)(C) such that the enhanced 25-year mandatory minimum did not apply unless a defendant had a previous, final § 924(c) conviction at the time he committed his second or subsequent § 924(c) offense. First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22. As a result, today, a first time § 924(c) offender charged with two § 924(c) possession offenses would face a mandatory minimum of just 10 years, not 30 years.

On August 2, 2021, Guess filed the instant motion for compassionate release. ECF No. 185. The crux of Guess's motion is that, under current law, the mandatory minimum for his § 924(c) convictions would be 10 years consecutive, rather than 30 years consecutive. Id. at 7. Relying on the Fourth Circuit's decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), Guess maintains that this 20-year sentence disparity is an "extraordinary and compelling" reason for a sentence reduction to time served. Id. at 6. The Government, in response, stresses that relief under § 3582(c)(1)(A)(i) is reserved for "truly exceptional" cases, and given Guess's age

3

when he committed the charged offenses (51 years old), Guess's "significant prior criminal history" at the time of the offenses, and the fact that Guess has served less than 30% of his sentence, the Government argues that this is not a "truly exceptional" case. ECF No. 189, at 12 (quoting McCoy, 981 F.3d at 287) (internal quotation marks omitted).

## II. LEGAL STANDARD

Before Congress passed the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a compassionate release motion on a defendant's behalf. McCoy, 981 F.3d at 276. But as part of its broad changes to federal criminal sentencing, the First Step Act amended the statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), to give defendants the ability to file motions for sentence modifications "on their own behalf, so long as they first apply to the BOP." McCoy, 981 F.3d at 276 (citing First Step Act of 2018 § 603(b)(1)). Once a defendant completes that requirement, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). To determine what constitutes an "extraordinary and compelling circumstance," a court ordinarily must consider the "applicable policy statements issued by the United States Sentencing Commission." Id. § 3582(c)(1)(A). However, because the Fourth Circuit has held

4

that there is no applicable policy statement as of yet that governs compassionate release motions filed by <u>defendants</u>, district courts in this circuit must "make their own independent determinations" about what constitutes an extraordinary and compelling circumstance for relief under § 3582(c)(1)(A). <u>McCoy</u>, 981 F.3d at 284; <u>see also</u> U.S.S.G. § 1B1.13 cmt. n.1 (outlining four categories of extraordinary and compelling circumstances for motions <u>filed by the Director of the BOP</u>).

If a district court concludes that extraordinary and compelling circumstances are present, it must then look to the sentencing factors in 18 U.S.C. § 3553(a) to determine how much of a reduction (if any) is appropriate. 18 U.S.C. § 3582(c)(1)(A). Those factors include:

> (1) [the] offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) just punishment (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

<u>Rita v. United States</u>, 551 U.S. 338, 347–48 (2007) (internal quotation marks omitted).

### III. DISCUSSION

Because Guess has filed a motion on his own behalf seeking a sentence reduction based on "extraordinary and compelling" reasons, the Court must determine (1) whether Guess has

5

exhausted administrative remedies; (2) if he has, whether there are extraordinary and compelling reasons that support reducing Guess's sentence; and (3) if there are, what sentence reduction is appropriate after considering the sentencing factors in § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion

The exhaustion requirement in § 3582(c)(1)(A) is satisfied (1) when the defendant has "fully exhausted" all administrative rights to appeal the BOP's decision not to bring a motion on his behalf, or (2) after "the lapse of 30 days from the receipt of such a request by the warden of defendant's facility, whichever is earlier." See id. On April 7, 2020, Guess submitted a request for compassionate release to the warden of FCI Petersburg, basing his request on his "stacked" § 924(c) sentence. ECF No. 188-1. Guess asserts that he never received a response from the warden or the BOP since then. ECF No. 185, at 3. The Government, on the other hand, claims that the warden denied Guess's request. ECF No. 189, at 6. Regardless, because both scenarios satisfy the exhaustion requirement under § 3582(c)(1)(A), the Court finds that Guess has exhausted administrative remedies.

### B. Extraordinary and Compelling Reasons

Because Guess has exhausted his administrative remedies, the Court must consider whether there are extraordinary and

6

compelling reasons that support a reduction of Guess's sentence. Guess advances two arguments. First, Guess asserts that his stacked § 924(c) sentence is an extraordinary and compelling reason for a sentence reduction "in and of itself." ECF No. 185, at 9. Second, Guess contends that his stacked § 924(c) sentence *plus* case-specific circumstances warrant a finding that extraordinary and compelling reasons are present here. Id. at 10-11. The Court will address each argument in turn.

### 1. The Disparity "in and of itself"

Guess first argues that the 20-year disparity between the sentence he received for his two § 924(c) offenses (30 years) and the sentence he would receive for those offenses today (10 years) is alone enough to find that extraordinary and compelling reasons for a sentence reduction are present. Id. at 9. In support of his argument, Guess cites United States v. McCoy, where the Fourth Circuit held that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an extraordinary and compelling reason for relief under § 3582(c)(1)(A)." 981 F.3d at 285 (internal quotation marks omitted). However, the McCoy court explicitly made clear that "not *all* defendants convicted under § 924(c) should receive new sentences." Id. at 287. Instead, courts must perform "individualized assessments of each defendant's sentence" when

7

deciding if extraordinary and compelling circumstances are present. Id. at 286 (emphasis added). Indeed, in McCoy, the Fourth Circuit highlighted the following factors when it affirmed the compassionate release of four defendants: (1) the defendants' "relative youth" (between 19 to 24 years old) when the offenses were committed, (2) their lack of criminal history, (3) the time they already served (from 17 to 25 years), (4) the fact that § 924(c)'s mandatory minimums were the "lion's share" of their sentence lengths, and (5) their post-sentencing rehabilitation. Id. at 277-79, 286.

Following McCoy's lead, a number of district courts in this circuit have evaluated not only the disparity of a defendant's sentence but also the additional case-specific factors outlined above. See, e.g., United States v. Cristobal, No. 3:00cr83, 2021 WL 5451751, at *4-5 (E.D. Va. Nov. 22, 2021); Owen v. United States, No. 2:03cr197, 2020 WL 7407872, at *5 (E.D. Va. Dec. 17, 2020); United States v. Lewis, No. 0:14cr362, 2021 WL 4596450, at *9 (D.S.C. Oct. 6, 2021); United States v. Curry, 1:05cr282, 2021 WL 2644298, at *4 (M.D.N.C. June 25, 2021); United States v. Jackson, No. 3:90cr85, 2021 WL 2227333, at *5 (W.D.N.C. June 2, 2021). This practice is consistent with this Court's reading of McCoy—namely, that a disparity due to § 924(c) stacking is not categorically an extraordinary and compelling reason for a sentence reduction.

To be sure, although the Court does not read McCoy to create a categorical rule, that does not mean that the Court reads McCoy to hold that a disparity alone is never reason enough to find that there is an extraordinary and compelling circumstance present. To the contrary, it is certainly conceivable that a large enough sentencing disparity is sufficient to constitute an extraordinary and compelling basis for relief. See, e.g., United States v. Gibson, No. 4:06cr146, 2021 WL 5150679, at *7 (E.D. Va. Nov. 5, 2021) (finding a defendant's "900-month" disparity as a result of nine § 924(c) convictions extraordinary and compelling); United States v. Woods, No. 5:03cr30054, 2021 WL 1572562, at *4 (W.D. Va. Apr. 21, 2021) (finding a defendant's "60-year" disparity as a result of four § 924(c) convictions extraordinary and compelling). However, the case before the Court is not such a case. Guess was convicted of two § 924(c) offenses for possessing a firearm during a drug trafficking offense and received a sentence that was 20 years longer on those counts than the sentence a similarly situated defendant would receive today. There is no doubt that such a disparity is severe; however, it is one the smallest possible disparities a stacked § 924(c) defendant could face under this statutory framework. Thus, if Guess's disparity was by itself enough to find that extraordinary and compelling reasons are present, then virtually every § 924(c) disparity

9

would present extraordinary and compelling reasons for relief. As noted above, however, McCoy explicitly did not create such a categorical rule; rather, the Fourth Circuit stressed the importance of performing "individualized assessments" because "not all defendants convicted under § 924(c) should receive new sentences." 981 F.3d at 286–87; but see United States v. Bailey, No. 2:96cr90, 2021 WL 2981022, at *3 (E.D. Va. July 6, 2021) (finding a 10-year disparity alone enough); United States v. Reid, No. 1:03cr12, 2021 WL 4499019, at *2 (W.D. Va. Aug. 26, 2021) (finding an 18-year disparity alone enough). Given the Fourth Circuit's instruction in McCoy, the Court rejects Guess's first argument.

## 2. Case-Specific Analysis

Having concluded that Guess's sentence disparity is not enough by itself to constitute an extraordinary and compelling circumstance, the Court next considers whether Guess's 20-year sentence disparity plus Guess's case-specific circumstances are enough to meet the threshold. Although the case-specific circumstances the McCoy court considered are not prerequisites, see id. at 284 (holding that a district court can consider any extraordinary and compelling reason that a defendant raises), they provide guidance about the factors the Court should consider alongside Guess's stacked § 924(c) sentence. To reiterate, in McCoy, the Fourth Circuit found the following

10

facts persuasive: (1) the defendants were between 19 to 24 years old when they committed their offenses, (2) they had either no criminal history or a single minor conviction, (3) the "lion's share" of their sentences—which ranged from 35 to 53 years—came from their stacked § 924(c) convictions, (4) they had already served substantial portions of their sentences by the time they filed their motions, and (5) they demonstrated extensive rehabilitation. Id. at 277–79, 286.

Here, the Court begins by noting that there are several dissimilarities between Guess and the defendants in McCoy. While the defendants in McCoy were between 19 and 24 years old and had minimal criminal histories, Guess was 51 years old when he committed the instant offenses and had a significant criminal record, which included convictions for burglary, assault and battery, possession of methamphetamine, possession of a firearm with methamphetamine, and spousal abuse. ECF No. 89 ¶¶ 26–31. Guess's conduct in the instant case was particularly serious as well. Although his actual offense conduct was non-violent, evidence shows that while he was awaiting proceedings in the instant case, Guess repeatedly solicited multiple inmates to kill the Government's informant because he believed it would force the Government to drop the charges against him. Id. ¶¶ 11–15. As for the amount of time he has served, while the defendants in McCoy had served 17 to 25 years of their sentences

11

(which ranged from 35 to 53 years), Guess has only served 11 years of his more than 38-year sentence. ECF No. 188-3, at 1.

On the other hand, there are a number of factors that militate in Guess's favor. First, although Guess has multiple prior convictions, his criminal history is not marked by consistent criminal behavior throughout his life, but rather intermittent flair ups in criminal conduct—decades apart—that coincide with a relapse into drug abuse. See ECF No. 89 ¶¶ 26-31, 45, 47, 58-59. The longest term of imprisonment Guess served before the sentence imposed in this case was one month, see id. ¶ 28, which presents a stark contrast to the 460 months he is now serving. Second, the "lion's share" (78%) of Guess's 460-month sentence is based on the 360-month mandatory minimum he received for his two § 924(c) convictions. 981 F.3d at 278. Third, like the defendants' sentences in McCoy, Guess's sentence of 460 months illustrates both the "sheer and unusual length" of § 924(c) sentences before the First Step Act and the "gross disparity" between those sentences and sentences today. Id. at 285. If he was sentenced today, Guess would face a mandatory minimum of 120 months on the two § 924(c) counts, not 360 months. Fourth, Guess has demonstrated extensive rehabilitation during the 11 years he has been incarcerated following his conviction in the instant case. He has been drug free; he has maintained a spotless disciplinary record; he obtained his GED

12

in 2012; he received a "Refrigerant Transition and Recovery Certification" from Ferris State University; he has maintained consistent, full-time employment as a plumber; he has become the lead plumber in his institution; he has taught other inmates about plumbing; and he has earned glowing reviews from thirteen different BOP staff members, all attesting to his strong work ethic, remarkable rehabilitation, and selfless attitude. See ECF Nos. 188-2; 188-3; 190-1.

After carefully considering all of the relevant factors, with special emphasis on the factors identified by the Fourth Circuit in McCoy, the Court finds that Guess has established extraordinary and compelling reasons for compassionate release. The Court fully recognizes that Guess's criminal history, age, and pre-trial conduct counsel against such a finding, but the circumstances surrounding Guess's criminal history, Guess's exemplary rehabilitation for the last eleven years, and Guess's 20-year sentence disparity, support finding that extraordinary and compelling circumstances are present.

### C. Section 3553(a) Sentencing Factors

Because the Court has concluded that there are extraordinary and compelling circumstances supporting Guess's motion, the Court must next determine whether a sentence reduction is consistent with the sentencing factors in § 3553(a). Guess maintains that the Court should reduce his

13

sentence to either time served or 220 months, the latter of which he asserts would bring his sentence in line with the sentences of similarly situated post-First Step Act offenders. ECF No. 190, at 10. The Government, by contrast, asserts that the sentencing factors in § 3553(a) do not support any sentence reduction. ECF No. 189, at 18–23. After carefully considering all of the sentencing factors in § 3553(a), the Court concludes that a sentence reduction to 280 months is appropriate under the circumstances.[1]

There is no doubt that Guess's crimes were serious. Guess trafficked methamphetamine, oxycodone, Valium, and Adderall, and he possessed two firearms while doing so, substantially increasing the danger of his drug trafficking. ECF No. 89 ¶¶ 8–9. Moreover, while he awaited proceedings in the instant case, Guess repeatedly tried to have the Government's informant murdered so that the informant would not be able to testify

---

[1] Although motions under 18 U.S.C. § 3582(c)(1)(A) are colloquially known as compassionate "release" motions, the statute's text states that a court "may reduce the [defendant's] term of imprisonment." Id. (emphasis added). Put another way, § 3582(c)(1)(A) does not require a court to choose between granting immediate release and granting no relief at all; the court may reduce a defendant's term of imprisonment but deny immediate release. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place."); United States v. Arey, 461 F. Supp. 3d 343, 352 (W.D. Va. 2020) (denying defendant's request for immediate release but reducing defendant's sentence from 895 months to 390 months); United States v. Barton, No. 1:02cr80, 2021 WL 237692, at *3 (W.D. Va. Jan. 25, 2021) (reducing a defendant's sentence from 1,020 months to 300 months); Curry, 2021 WL 2644298, at *6 (reducing a defendant's sentence from 500 months to 240 months).

against him. See id. ¶ 11-15. More specifically, over a three-month period, Guess offered multiple inmates thousands of dollars to kill the informant, and he even coordinated with his wife to obtain the informant's address. See id. With this in mind, a sentence reduction to time served is highly inappropriate in the Court's judgment.[2]

Guess's personal characteristics do, however, support a reduction to 280 months. It is clear from the PSR that Guess's criminal behavior is consistent with the behavior of someone caught in the cycle of drug addiction. In the late 1970s, when Guess was 17 years old, he began using cocaine and PCP, and during that time he was convicted for burglary and assault and battery. Id. ¶¶ 26-27, 45, 58. After the birth of his first child in the early 1980s, Guess stopped abusing drugs and maintained a clear record for sixteen years. See id. ¶¶ 47, 58. In 1996, however, he relapsed, and for two years Guess abused methamphetamine. Id. During that period, Guess was convicted of possessing methamphetamine, possessing a firearm with methamphetamine, misdemeanor assault, and spousal abuse. Id. ¶¶ 28-30. In 1998, Guess stopped abusing drugs and remained drug- and crime-free for the next decade. Id. ¶¶ 47, 59. But

---

[2] The Court further notes that a sentence of time served would effectively nullify almost all of Guess's 100-month sentence for his non-§ 924(c) counts of conviction and create an unwarranted sentencing disparity between Guess's sentence and similarly situated defendants sentenced today.

15

in 2008, Guess relapsed again, and his substance abuse became more severe. Id. Within two years of relapsing, Guess was convicted of destruction of property and the instant offenses. Id. ¶ 31. After his conviction in the instant case, Guess attended a drug education course and has been drug-free for over a decade. ECF No. 185, at 15. He has also maintained a clear disciplinary record, established a strong work ethic, and cultivated positive relationships with BOP staff members, inmates, and his family. ECF Nos. 188-2, 188-3, 188-5, 190-1. As noted above, thirteen different BOP staff members filed letters with the Court, each recounting Guess's numerous contributions and accomplishments while incarcerated. ECF Nos. 188-2, 190-1. At bottom, Guess has shown remarkable rehabilitation while incarcerated, but on multiple occasions in the past Guess has maintained long periods of good conduct only to later relapse and recidivate. Thus, a sentence reduction to 280 months is appropriate because Guess would still have to serve several more years in prison to continue his rehabilitation and ensure that it is permanent this time.[3]

A sentence of 280 months is likewise consistent with the need to protect the public. Guess committed the instant offenses and attempted to have the Government's informant

---

[3] For the same reasons, the Court finds that a 280-month sentence properly reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and reflects Guess's need for rehabilitative services. See 18 U.S.C. § 3553(a)(2).

murdered just eleven years ago. While studies show that recidivism risk declines with age, see United States v. Howard, 773 F.3d 519, 533 (4th Cir. 2014), Guess committed the instant offenses when he was 51 years old. Despite his remarkable rehabilitation since then, Guess's history of relapsing and recidivating after long periods of good behavior presents a risk to the public. Accordingly, a reduction to 280 months is appropriate because, with current and future good conduct time, Guess will be close to 70 years old by the time he is released, sharply reducing the likelihood that he recidivates. See United States v. Redd, 444 F. Supp. 3d 717, 729 n.23 (E.D. Va. 2020).

Finally, while it is quite clear that there is a gross disparity between the mandatory minimum for Guess's § 924(c) sentence (360 months) and the mandatory minimum Guess would receive today (120 months), that does not mean that a similarly situated defendant's total sentence today would be 220 months, as Guess argues. See ECF No. 190, at 10. When the sentence on one count is vacated or modified, the district court should revisit the total sentence through a "holistic approach," which may involve imposing a different sentence on other counts. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017). Here, Guess's 360-month consecutive sentence for his two § 924(c) convictions impacted the Court's decision to sentence Guess to only 100 months on his non-§ 924(c) counts—a sentence

17

near the bottom of his Guideline range on those counts. See ECF No. 102, at 55 ("[W]e have the five years and the 25 years here, and so . . . . it certainly looks like the defendant is likely to spend the rest of his life, or close to it, incarcerated. And that's something that the [C]ourt does consider."). If Guess were sentenced today, the Court's sentencing calculus would place considerable weight on Guess's repeated and significant attempts to have the Government's informant murdered, which counsel strongly against a sentence of less than 280 months.[4]

In light of the sentencing factors in § 3553(a), the Court finds it appropriate to reduce Guess's term of imprisonment from 460 months (38 years, 4 months) to 280 months (23 years, 4 months). To do this, the Court will reduce Guess's sentence for his second § 924(c) conviction from 300 months of imprisonment to 60 months, and the Court will modify Guess's sentence for his non-§ 924(c) convictions to 160 months.

## IV. CONCLUSION

For the reasons stated herein, Guess's motion for compassionate release is **GRANTED IN PART**, ECF No. 185, and the Court **REDUCES** Guess's sentence to a total term of **280 months' imprisonment**. The term consists of the following:

---

[4] The Court notes that it would impose a sentence longer than 280 months but for Guess's exemplary rehabilitative efforts over his 11 years of incarceration.

18

- 160 months on Count 1;

- 160 months on Counts 2, 3, 4, 5, 6, and 9, to run concurrently with Count 1;

- 60 months on Count 7, to be served consecutive to Counts 1, 2, 3, 4, 5, 6, and 9;

- 60 months on Count 8, to be served consecutive to all other counts.

All other provisions of the judgment dated June 17, 2011, ECF No. 87, shall remain in effect.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to counsel for the Defendant, counsel of record for the Government, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December  21 , 2021